# EXHIBIT C

Filed for Record
1/21/2022 2:52 PM
Donna Starkey, District Clerk
Brazoria County, Texas
116249-CV
Cathy Richard, Deputy

116249-CV

CAUSE NO. _____

| | | |
|---|---|---|
| KYLIE TAYLOR, | § | IN THE DISTRICT COURT OF |
|    *Plaintiff,* | § | |
| | § | |
| VS. | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| GROUP CONTRACTORS, LLC; | § | |
| GROUP DEEP FOUNDATIONS, LLC; and | § | |
| ANDY DUPUY | § | |
|    *Defendants* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION WITH JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Kylie Taylor ("Plaintiff") and files this Original Petition with Jury Demand, and would respectfully show this Honorable Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.0  Discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure 190.

## II.
## PARTIES & SERVICE

2.0  Plaintiff, Kylie Taylor, is a resident of Brazoria County, Texas.

2.1  Defendants, GROUP Contractors, LLC and GROUP Deep Foundations, LLC (collectively the "GROUP Defendants") are foreign-for-profit limited liability companies doing business in the State of Texas. The GROUP Defendants may be served through their registered agent, Cogency Global, Inc., 1601 Elm St., Suite 4360, Dallas, Texas 75201.

2.2  Defendant Andy Dupuy is a resident of West Baton Rouge Parish, Louisiana and may be served at his usual place of residence, which is believed to be 6861 Highway 1 South, Addis, Louisiana 70710, or wherever he may be found.

## III.
## JURISDICTION & VENUE

3.0     Venue is proper in Brazoria County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.002(1) because all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Brazoria County. This Court has jurisdiction over the parties and subject matter hereof. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

## IV.
## FACTS

4.0     On information and belief, at or shortly before 6:47pm on January 19, 2022, Plaintiff was driving southbound on State Highway 35 in Brazoria County, Texas. As Plaintiff approached the intersection of State Highway 35, she slowed to a stop and waited for a gap in oncoming traffic so she could safely turn onto County Road 881.

4.1     As Plaintiff was waiting for a break in the traffc, she was struck from behind by a Ford F-150-type pick-up truck owned by one or both of the GROUP Defendants and driven by Defendant Andy Dupuy.

4.2     The force of the initial impact pushed Plaintiff into the oncoming lane of northbound traffic on State Highway 35, causing a near head-on collision with a pick-up truck that was traveling in the opposite direction.

4.3     The force of the impacts threw Plaintiff from her own vehicle, causing her to land in a ditch on the side of the road and sustain severe and debilitating injuries, including multiple fractured vertebra in her neck and damage to her spinal cord.

4.4     On information and belief, Defendant Andy Dupuy was operating the vehicle while in the course and scope of his employment for one or both of the GROUP Defendants.

4.5     On information and belief, Defendant Andy Dupuy was operating his vehicle at an excessively high rate of speed and was doing so while distracted by a cell phone.

4.6     As a direct and proximate result of Defendant Andy Dupuy's negligent acts and omissions, Plaintiff suffered serious bodily injuries which will likely leave her with permanent physical impairments and other damages.

## V.
## NEGLIGENCE OF DEFENDANT DUPUY

5.0     At the time of the collision made the basis of this suit, on information and belief, Defendant Andy Dupuy was operating the aforementioned vehicle in a negligent and careless manner in one or more of the following respects which, among others, may be shown at the trial of this cause:

1. In failing to keep a proper lookout;

2. In operating the vehicle while distracted;

3. In operating the vehicle at a speed greater than was reasonable and prudent under the conditions, in violation of Tex. Transp. Code § 545.351;

4. In failing to maintain an assured clear distance from the vehicle ahead of him, in violation of Tex. Transp. Code § 545.062(a);

5. In failing to take appropriate evasive action to avoid the collision; and

6. In otherwise failing to operate or maintain the vehicle in a reasonable and prudent manner.

5.1     Each of these acts and omissions, singularly or in combination with others, constitute negligence which was a proximate cause of this incident, and the injuries sustained by the Plaintiff. Additionally, Defendant's acts or omissions in violating the Texas Transportation Code as listed above constitute negligence per se.

## VI.
## LIABILITY OF THE GROUP DEFENDANTS

6.0     On information and belief, at the time of the collision at-issue Defendant Andy Dupuy was operating a vehicle that was owned by one or both of the GROUP Defendants and was operating the vehicle while in the course and scope of his employment for the GROUP Defendants. The GROUP

Defendants are therefore vicarioiusly liable for Defendant Andy Dupuy's negligence under the doctrine of respondeat superior.

6.1    In addition and/or in the alternative, on information and belief, Defendant Andy Dupuy was an unlicensed, incompetent, and/or reckless driver, which the GROUP Defendants knew, or in the exercise of reasonable diligence should have known, when they entrusted the vehicle to Defendant Andy Dupuy. The GROUP Defendants are therefore directly liable for their own negligent entrustment of the vehicle to Defendant Andy Dupuy.

## VII.
## DAMAGES

7.0    Said elements of damage which Plaintiff seeks to recover includes compensation for the following:

1. Past and future physical pain and mental anguish;
2. Past and future physical impairment;
3. Past and future medical expensese;
4. Past and future disfigurement; and
5. Past and future loss of earnings and earning capacity;

7.1    Plaintiff affirmatively pleads for recovery pursuant to Tex. R. Civ. P. 47(c)(4).

## VIII.
## REQUEST FOR JURY TRIAL

8.0    Plaintiff requests a jury trial.  The jury fee has been paid.

## IX.
## NOTICE THAT DOCUMENTS WILL BE USED

9.0    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by the Defendant will be used at any pretrial proceeding or at

the trial of this case.

## X.
## PRAYER

10.0    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Defendants be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recover a judgment pursuant to Tex. R. Civ. P. 47(c)(4), for pre-judgment and post-judgment interest, costs of Court, and for all such other and further relief, in whole or in part, at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**WHITE & HARRISON, TRIAL LAWYERS**

BY:    */s/ Brian E. White*
         Brian E. White
         Texas Bar No. 24034736
         Clint Reed
         Texas Bar No. 24084674
         3120 Southwest Freeway, Suite 350
         Houston, Texas 77098
         (713) 224-4878 Telephone
         (713) 237-0510 Facsimile
         Litigation@AttorneyBrianWhite.com

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brian White
Bar No. 24034736
brian@attorneybrianwhite.com
Envelope ID: 61043356
Status as of 1/21/2022 3:27 PM CST

Associated Case Party: Kylie Taylor

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brian White | | brian@attorneybrianwhite.com | 1/21/2022 3:05:41 PM | SENT |
| Dawn Stone | | dawn@attorneybrianwhite.com | 1/21/2022 3:05:41 PM | SENT |
| Clint Reed | | clint@attorneybrianwhite.com | 1/21/2022 3:05:41 PM | SENT |