United States District Court
Southern District of Texas
**ENTERED**
May 23, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| KYLIE TAYLOR, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:22-cv-00031 |
| | § | |
| GROUP CONTRACTORS, LLC, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

This lawsuit arises out of a three-car motor vehicle accident that occurred on January 19, 2022 outside of Angleton, Texas. Plaintiff Kylie Taylor ("Taylor") was rear-ended by a vehicle driven by Andy Dupuy ("Dupuy"). The impact pushed Taylor's automobile into the opposite lane, where it was struck by a car driven by Cody Woodard ("Woodard"). Taylor was seriously injured in the crash. She is currently hospitalized with a spinal cord injury causing significant paralysis.

On January 21, 2022, a mere two days after the accident, Taylor filed suit in state district court in Brazoria County against Dupuy and two entities—Group Contractors, LLC and Group Deep Foundations, LLC (the "Group Defendants")— that allegedly owned the vehicle Dupuy was operating at the time of the crash. Taylor did not initially file suit against Woodard.

Within a week of Taylor filing the lawsuit, Dupuy and the Group Defendants removed the case to federal court on the basis of diversity jurisdiction. Taylor is a Texas citizen. Dupuy and the Group Defendants are Louisiana citizens for diversity purposes.

On February 14, 2022, Dupuy and the Group Defendants answered the removed lawsuit. In their respective answers, they asserted an affirmative defense that "Plaintiff's injuries were caused, in whole or in part, by a third-party from

whom the Defendants have no responsibility." Dkt. 5 at 3; Dkt. 6 at 3. The third-party to whom the answers refer is clearly Woodard.

Soon after Dupuy and the Group Defendants pointed the finger at Woodard, Taylor filed a state-court lawsuit against Woodard in Brazoria County, alleging that Woodward caused or contributed to her injuries. That case, filed on March 4, 2022, is styled Case No. 116865-CV; *Kylie Taylor v. Cody Woodard*, in the 149th Judicial District Court of Brazoria County, Texas. Both Taylor and Woodard are Texas residents, so that case could not be removed to federal court. In answering the state-court lawsuit, Woodard claimed that "the negligent actions of responsible third parties, Group Contractors, LLC and Andy Dupuy, caused or contributed to caus[ing] the accident made the basis of this lawsuit." Dkt. 8-1 at 1–2.

To summarize, we now have two lawsuits arising out of the January 19, 2022 car accident. One lawsuit is in federal court, brought by Taylor against Dupuy and the Group Defendants, claiming that their negligence caused or contributed to the accident. The other lawsuit is sitting in state court, brought by Taylor against Woodard, claiming that Woodward's negligence caused or contributed to the accident.

Claiming that it makes little sense to proceed with two lawsuits in two forums arising out of the same accident, Taylor filed a Motion to Dismiss Without Prejudice, or in the Alternative, Motion for Leave to Amend Complaint to Join Necessary Party Cody Woodard. Dkt. 8. After Dupuy and the Group Defendants filed their opposition to the motion, Taylor abandoned her effort to amend the complaint to add Woodard as a necessary party.[1] Taylor now simply claims she should be permitted to dismiss this federal lawsuit without prejudice so that she can add Dupuy and the Group Defendants to the state-court case and proceed against all the alleged responsible parties in one lawsuit.

---

[1] If Woodard was joined as a defendant, this Court would lose diversity jurisdiction (since both Taylor and Woodard are Texas residents), and this case would have to be remanded to state court.

2

Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff, subject to certain exceptions, to dismiss an action "without a court order" by simply filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or by filing a stipulation of dismissal signed by all parties who have appeared. FED. R. CIV. P. 41(a)(1). Rule 41(a)(1) is inapplicable here since Dupuy and the Group Defendants have answered the lawsuit and did not sign a stipulation of dismissal. Accordingly, I must look to Rule 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).[2] Unless the order says otherwise, a dismissal under Rule 41(a)(2) is without prejudice. *See id*. Whether to grant a Rule 41(a)(2) dismissal is within the sound discretion of the district court. *See Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990).

Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990). *See also Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (when a court is faced with a Rule 41(a)(2) motion, it should "first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice."); *Manshack*, 915 F.2d at 174 (explaining Rule 41(a)(2) is designed to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."

---

[2] Taylor argues that this case should be dismissed under Rule 19(b), which provides: "If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). That rule is inapplicable here because Woodard is not an indispensable party. *See Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987) ("[I]t is well-established that Rule 19 does not require the joinder of joint tortfeasors."). Although Taylor does not specifically reference Rule 41(a)(2) in her motion to dismiss, Rule 41(a)(2) is unquestionably the appropriate rule allowing a plaintiff to dismiss a case when a defendant answers the lawsuit and is unwilling to sign a stipulation of dismissal. I thus consider the request to dismiss this lawsuit under Rule 41(a)(2).

(citation omitted)); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) ("[I]n most cases a dismissal should be granted unless the defendant will suffer some legal harm.").

Dupuy and the Group Defendants note that Taylor initially made a conscious decision not to sue them and Woodard in the same state-court lawsuit. As a result of that decision, Dupuy and the Group Defendants properly removed this lawsuit, where they now claim they are entitled to proceed until judgment. In essence, Dupuy and the Group Defendants argue that they will be prejudiced if they are forced to give up their federal forum and defend themselves in state court. The problem with this argument is that the Fifth Circuit has repeatedly rejected it, holding that legal harm or legal prejudice does not result simply because the defendants face the prospect of defending a second lawsuit in state court. *See Elbaor*, 279 F.3d at 317; *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991); *Manshack*, 915 F.2d at 174; *Templeton*, 901 F.2d at 1276. Nor does legal prejudice result merely because Taylor may gain some tactical advantage in a future lawsuit. *See Manshack*, 915 F.2d at 174; *Templeton*, 901 F.2d at 1276. Typical examples of legal prejudice—none of which exists here—"occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *Bell v. Keystone RV Co. (In re FEMA Trailer Formaldahyde Prods. Liab. Litig.)*, 628 F.3d 157, 162 (5th Cir. 2010).

This lawsuit is just a few months old. Taylor made her request to dismiss the case promptly, and her explanation is quite reasonable: she would like all claims relating to the January 2022 accident to be resolved in one forum. At oral argument, Taylor's counsel explained that when he filed the lawsuit—literally days after the accident—he did not realize that Woodard might be responsible for his client's injuries. Once Dupay and the Group Defendants identified Woodard as allegedly responsible for Taylor's injuries, Taylor moved fast, filing a state-court suit against Woodard. By that time, however, the lawsuit against Dupay and the

Group Defendants had already been removed to federal court. Now, Taylor argues, she should be entitled to dismiss this case and proceed against all the potentially liable parties in a single state-court case. As one district court fittingly noted in a similar circumstance:

> Aside from the interest of the parties, the federal-state judicial system is best served by the economies of having all claims arising from the accident resolved in one forum. One judge, one jury, and one appellate court—rather than two of each—are all that will be required to render a final decision with respect to the accident-related claims if Plaintiff's motion is granted. It makes little sense to have the state and federal courts proceeding simultaneously with essentially identical cases filed by two plaintiffs. The best exercise of this court's discretion in these circumstances is to grant Plaintiff's request to dismiss this case without prejudice.

*Hybert v. Hyster Co.*, No. CIVA 08-1936, 2009 WL 4894369, at *5 (W.D. La. Dec. 15, 2009). I wholeheartedly agree.

Requiring Taylor to proceed with one case against Woodard in state court and a separate lawsuit against Dupuy and the Group Defendants in federal court could easily lead to inconsistent results, something I am determined to avoid. Woodard claims Dupuy and the Group Defendants are responsible for the accident that injured Taylor. Although Dupuy and the Group Defendants have, in their recently filed sur reply, stipulated that they will not claim Woodard is responsible for the accident, a state-court jury could determine that Dupuy and the Group Defendants (non-parties in the state court case) were negligent and 100 percent responsible for Taylor's injuries, while a federal-court jury could find that Dupuy and the Group Defendants were not responsible for Taylor's injuries. That sure would result in an awkward situation: two juries reaching opposite results, with the ultimate outcome being that Taylor, who in my hypothetical was cleared of all wrongdoing by both juries, recovering not a single cent. Given that a fundamental goal of our judicial system is to avoid duplicative litigation and the attendant possibility of inconsistent results, I recommend that Taylor be allowed to dismiss

this case without prejudice and proceed against all defendants in one state-court lawsuit. Fairness dictates such a result.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 23rd day of May, 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE